# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF<br><br>COSMOGONY II, INC.,<br><br>Debtor. | Case No. 22-01682 (ESL)<br>Involuntary Chapter 7 |
| GLENCORE LTD.,<br><br>Plaintiff,<br><br>- against -<br><br>MILTON BURT,<br><br>Defendant. | Adv. Proc. No. 22-00044-ESL<br><br>(Emergency Hearing Requested) |

## EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE A TEMPORARY RESTRAINING ORDER TEMPORARILY STAYING THE CASE CAPTIONED *MILTON BURT V. GLENCORE LTD. ET AL.*

Plaintiff/Movant Glencore Ltd. ("Glencore") hereby files an Emergency Motion for an Order to Show Cause why the Court should not issue a temporary restraining order temporarily staying the case captioned *Milton Burt v. Glencore Ltd. et. al*., No. SX-2021-CV-00, (the "Toxic Dust Action," or the "TDA"), pending in the Superior Court of the Virgin Islands, Division of St. Croix, (the "Superior Court") until 90 days after the Chapter 7 trustee (the "Trustee") has been appointed in above-captioned bankruptcy proceeding against Cosmogony II, Inc. (the "Debtor" or "Cosmogony"), without prejudice to the Trustee's right and ability to seek any further relief from this Court.

1

## I. THE BANKRUPTCY PROCEEDING

1. On June 13, 2022, Glencore filed a petition with this Court placing Cosmogony into involuntary bankruptcy under Chapter 7. Glencore is a creditor with a qualifying claim under 11 U.S.C. § 303. The petition was filed in this district because the only known potential asset of Cosmogony is an insurance policy for one million dollars apparently issued in 1991 by General Accident Insurance Company of Puerto Rico, Ltd. (the "Policy").

2. On June 13, 2022, Glencore filed a notice of the bankruptcy filing in the TDA and in several other cases, all of which are part of a larger group of closely-related toxic tort lawsuits currently pending before the Superior Court (the "V.I. Cases"). This placed Mr. Burt and his counsel of record in the TDA, Russell Pate, Esq. and Rick Yelton, Esq., on notice of the bankruptcy filing. Mr. Burt has failed to seek relief from this Court to continue to prosecute the TDA, even though doing so will affect the assets of the Estate.

3. On June 16, 2022, the Superior Court *sua sponte* issued an order staying the TDA and various other V.I. Cases, *but only as to Cosmogony*. That order allows the V.I. Cases, including the TDA, to proceed as to all other defendants (including Glencore).

4. In a separate order, also issued June 16, 2022 (the "Trial Preference Order"), the Superior Court placed the TDA on an *extremely accelerated* track, with trial scheduled for November 14, 2022, less than five months hence.

## II. THE ADVERSARY PROCEEDING

5. On June 28, 2022, Glencore commenced the above-captioned adversary proceeding in this Court, Adv. Proc. No. 22-00044-ESL (the "Adversary Proceeding") by filing a complaint against Defendant Milton Burt (the "Complaint"). The Complaint seeks a temporary stay of the TDA in order to protect the interests of the Debtor's estate (the "Estate") and its creditors. As set forth in the Complaint, absent a temporary stay, the Estate will be immediately

2

and irreparably harmed by the accrual of substantial additional liquidated claims against the Estate, based upon legal fees and expenses incurred in the fast-moving TDA, to the serious detriment of the Estate and its creditors.

6. There is no one currently representing the Debtor or the interests of the Estate, and so Glencore, a creditor and interested party, is respectfully requesting that the Court issue a temporary stay of the TDA until the Trustee has been appointed and has been afforded a reasonable 90-day period to become familiar with this matter, investigate and determine the Estate's assets, and formulate and pursue a course of action that will best protect the interests of the Estate and its creditors.

7. The relief requested in the Complaint is required on an emergency basis because – *as a result of the June 16, 2022 Trial Preference Order* – the TDA is proceeding on a highly accelerated timetable, with trial set for November 14, 2022, approximately 4 ½ months from now. Unless temporarily stayed, the TDA will likely give rise to very substantial expenditures of legal fees and expenses that will become liquidated claims against the Estate. This will increase the claim pool and deplete the assets of the Estate available for distribution to other creditors.

8. In light of the urgency, Glencore respectfully requests that the Court issue an Order to Show Cause directing:

    a. That Mr. Burt show cause why the Court should not issue a temporary restraining order temporarily staying the TDA until 90 days after a trustee has been appointed, and why this Court should allow the TDA to proceed in the absence of a Chapter 7 trustee who can represent the interests of the Estate and its creditors;

3

    b. That Glencore provide a copy of the Summons and Complaint, as well as a copy of this Motion, the Order to Show Cause, and the supporting papers to Mr. Burt's counsel of record in the TDA, Russell Pate, Esq. and Rick Yelton, Esq., via email within 24 hours of the filing of the Complaint;

    c. That Glencore serve the Summons and a copy of the Complaint, as well as a copy of this Motion, the Order to Show Cause, and the supporting papers on Mr. Burt, within 48 hours of the filing of the Complaint;

    d. That the Defendant be permitted to respond to this Motion by no later than one week from delivery of the aforementioned email notice upon Mr. Pate;

    e. That this matter be scheduled for hearing and argument via videoconference as soon as practicable thereafter.

### III. FACTUAL BACKGROUND

9. As set forth in the Complaint and contemporaneously-filed Declaration of Douglas L. Capdeville, Esq., counsel to Glencore in the TDA, and in the exhibits thereto, Defendant Milton Burt filed the TDA on July 15, 2021, against Cosmogony, Glencore, and Lockheed Martin Corporation ("Lockheed Martin").

10. Each of the V.I. Cases (which include the TDA) alleges, *inter alia*, that the Debtor's predecessor-in-interest, General Engineering Corporation ("GEC"), performed services at the Alumina Refinery on St. Croix (the "Alumina Refinery"); that during the approximate period 1990-1995, when the Alumina Refinery was owned by the Virgin Islands Alumina Company ("VIALCO") (which at the time was Glencore's indirect subsidiary), Glencore should be charged with having undertaken responsibility to ensure that the workers at VIALCO's facility had a safe environment; and that GEC and Glencore were negligent in their performance of those alleged duties.

4

11. Pursuant to a written Indemnity Agreement (the "Indemnity") entered into in 1992 by the Debtor's predecessor-in-interest GEC and Glencore's then-affiliate VIALCO the Debtor is contractually obligated to defend and indemnify Glencore in the TDA and other V.I. Cases.

12. On May 11, 2022, Glencore submitted a written Demand for Indemnification to Cosmogony for indemnification of legal fees and expenses incurred in the V.I. Cases (including the TDA) through March 31, 2022 in the amount of $134,476.19. Glencore has received no response.

### IV.     REASON FOR THIS EMERGENCY MOTION

13. Since this Chapter 7 proceeding was initiated on June 13, 2022, the TDA has proceeded without regard to the fact that it is affecting the assets of the Estate, and with no Trustee in place to protect the interests of the Estate and the creditors.

14. If compelled to proceed through discovery and trial of the TDA under this accelerated schedule, Glencore, starting immediately, will incur significant litigation costs and expenses, which will be liquidated claims against the Estate pursuant to the Indemnity. This will increase Glencore's liquidated claim and the size of the claim pool competing for the Estate's limited assets, which will irreparably harm the Estate and its creditors.

15. Glencore has therefore commenced the Adversary Proceeding and has brought this Emergency Motion.

### V.      RELIEF REQUESTED

16. Glencore respectfully requests that the Court issue an Order to Show Cause directing:

   a. That Mr. Burt show cause why the Court should not issue a temporary restraining order temporarily staying the TDA until 90 days after a trustee has

5

been appointed, and why this Court should allow the TDA to proceed in the absence of a Chapter 7 trustee who can represent the interests of the Estate and its creditors;

b. That Glencore provide a copy of the Summons and Complaint, as well as a copy of this Motion, the Order to Show Cause, and the supporting papers to Mr. Pate and Mr. Yelton via email within 24 hours of the filing of the Complaint;

c. That Glencore serve the Summons and a copy of the Complaint, as well as a copy of this Motion, the Order to Show Cause, and the supporting papers on Mr. Burt, within 48 hours of the filing of the Complaint;

d. That the Defendant be permitted to respond to this Motion by no later than one week from delivery of the aforementioned email notice upon Mr. Pate and Mr. Yelton;

e. That this matter be scheduled for hearing and argument via videoconference as soon as practicable thereafter.

Dated June 28, 2022

                Respectfully submitted,

                **SARLAW LLC**
                *Attorneys for Glencore Ltd.*
                Banco Popular Center, Suite 1022
                209 Muñoz Rivera Avenue
                San Juan, PR 00918-1009
                Tel.: (787) 765-2988 / Fax No. (787) 765-2983

                *S/ Sergio A. Ramírez de Arellano*
                Sergio A. Ramírez de Arellano
                USDC No. 126804

**CURTIS, MALLET-PREVOST
COLT & MOSLE LLP**
*Attorneys for Glencore Ltd.*
101 Park Avenue
New York, NY 10178-0061
Tel.: (212) 696-6000 / Fax No. (212) 697-1559

*S/Eliot Lauer*

Eliot Lauer (admitted *pro hac vice*)
elauer@curtis.com
Jacques Semmelman (admitted *pro hac vice*)
jsemmelman@curtis.com
Jerrold L. Bregman (admitted *pro hac vice*)
jbregman@curtis.com